UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL SHAWN MCNICHOLS,

    Plaintiff,

v.                                      Case No.  6:24-cv-1527-JSS-RMN

KYLE PEMBERTON and DALTON
FARRINGTON,

    Defendants.
_____/

# ORDER

This matter is before the court on Plaintiff's civil rights Complaint (Dkt. 1), filed under 42 U.S.C. § 1983, and motion for leave to proceed in forma pauperis (Dkts. 2, 3).  Plaintiff is a pretrial detainee at the Brevard County Jail, and he proceeds in this action pro se.

## BACKGROUND

Plaintiff sues Brevard County Sheriff's Office Agents Kyle Pemberton and Dalton Farrington in their official capacity.  Plaintiff alleges that, on the evening of May 17, 2022, he and his fiancé were passengers in a vehicle being surveilled by Defendants Pemberton and Farrington. The driver fled the scene of a traffic stop in the vehicle, eluded agents, concealed and abandoned the vehicle in the backyard of a mobile home near Plaintiff's residence, and took off running on foot. (Dkt. 1 at 5–6.)

Plaintiff and his fiancé climbed the privacy fence and proceeded to walk toward their residence. (*Id.* at 6–7.)

While crossing White Road, "[Defendants] Pemberton and Farrington pulled up with their lights on and ordered [them] to stop and get on the ground." (*Id.* at 7.) They complied. (*Id.* at 9.) At that time, "[Defendant] Farrington immediately began by asking where [the driver] was, . . . why did he run, and why did he dye his hair red." (*Id.* at 7.) Eventually, Defendant Farrington ordered Plaintiff to empty his pockets. However, when Plaintiff stated he had only money in his pockets, Defendant Farrington "claimed he saw a corner of a sandwich bag and ordered [Plaintiff] to empty [his] pockets." (*Id.*) When Plaintiff emptied his pockets, Defendants "discover[ed] . . . a bag with a substance that field tested pos[]itive [for] methamphetamines." (*Id.*) While this series of events was occurring, another man approached Defendants and informed them of an unoccupied vehicle left in his backyard with the doors left open. (*Id.*)

Plaintiff claims that the arrest affidavit falsely states that Plaintiff was stopped on a pedestrian violation for "walking in the road with the flow of traffic where a sidewalk was present traveling eastbound on White R[oa]d." (*Id.* at 8.) Nonetheless, Defendants did not mention to Plaintiff a pedestrian violation while questioning him, and Plaintiff was not given a warning or ticket for such a violation. (*Id.* at 7–8.) Further, the description in the affidavit of where they were found did not make sense, as Plaintiff states he was actually walking south on Marywood Road. (*Id.* at 8.)

2

Plaintiff argues that the alleged "pedestrian violation . . . was used as . . . reasonable suspicion of criminal activity to justify a *Terry*[1]-type investigatory stop" and that, without it, the search of his pockets would have been subject to suppression as "the fruit of an illegal search and seizure." (*Id.* at 8–9.)[2]

Plaintiff seeks declaratory relief, as well as compensatory damages, imposition of criminal charges against Defendants, and reversal of the state trial court's denial of his motion to suppress and dismiss charges in his criminal case. (*Id.* at 5, 9.)

## APPLICABLE STANDARDS

Section 1915A requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).
[2] Petitioner does not appear to argue that the search was illegal even if Defendants had reasonable suspicion of criminal activity.

## ANALYSIS

Upon review, this action is due to be dismissed. First, Plaintiff sues Defendants in their official capacity. However, a claim against a defendant in his official capacity is a suit against the entity of which the defendant is an agent — in this case, Brevard County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). To attribute liability to Brevard County in that capacity under Section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff alleges in his Complaint no such policy or custom.

Second, to the extent the Complaint may be construed to allege individual capacity claims against Defendants, Petitioner does not appear to argue that the search was illegal even if Defendants had reasonable suspicion of criminal activity. Instead, he argues that there was no reasonable suspicion for the stop if Defendants' pedestrian violation allegation was unfounded. Consequently, the Court must analyze the validity of Defendant's detention of Petitioner and his fiancé.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The Supreme Court has explained that, "[w]hile 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires

4

at least a minimal level of objective justification for making the stop." *Id*. "The officer must be able to articulate more than an inchoate and unparticularized suspicion or 'hunch' of criminal activity." *Id.* at 123–24 (citation and some internal quotation marks omitted).

The allegations in the Complaint demonstrate that Defendants had more than a hunch of criminal activity. Plaintiff concedes that the driver of the vehicle "ha[d] a very extensive criminal record," and was under surveillance that evening. (Dkt. 1 at 5.) Plaintiff also concedes that he was a passenger in the same vehicle when the driver fled recklessly and at high speed from Defendants' traffic stop and that Defendants, when they initiated the *Terry* stop, knew Plaintiff had been a passenger in the fleeing vehicle. (*Id*. at 6–8). Thus, while Plaintiff's allegations do not overtly show he committed a crime, Plaintiff was known to have been with the driver during the driver's criminal actions and officers could reasonably suspect that Petitioner was involved as well. *See, e.g.*, *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (quoting *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000)) (explaining that reasonable suspicion "does not require officers to catch the suspect in a crime. Instead, '[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity.' "). Consequently, Defendants had articulable reasonable suspicion to stop Plaintiff and his fiancé for further investigation. Thus, the initial stop was a valid *Terry* stop (regardless of the reason given for the stop on the arrest affidavit) and did not constitute an illegal warrantless seizure under the Fourth Amendment.

Third, the Court is required to abstain from intervening in pending state criminal proceedings under *Younger v. Harris*, 401 U.S. 37, 53 (1971).  In *Younger*, the Supreme Court explained that a federal court must refrain from intervening in a pending state criminal proceeding when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53.  Abstention pursuant to the *Younger* doctrine is, therefore, required where: "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."  *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Plaintiff's criminal proceedings remain pending, and those proceedings implicate the State of Florida's important interest in prosecuting the violation of its criminal laws.  Further, Plaintiff may raise constitutional issues related to the denial of his motion to suppress in state court.  Indeed, the Court's resolution of the alleged constitutional violation (*i.e.*, whether Defendants had reasonable suspicion to conduct the *Terry* stop) would substantially interfere with, or potentially undermine, the state court criminal proceedings against Plaintiff.  Additionally, Plaintiff has not alleged facts showing an exception to the *Younger* abstention doctrine may apply. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (explaining that exceptions exist to the abstention doctrine where: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is

no adequate state forum where the constitutional issues can be raised."). Therefore, the court abstains from adjudicating the merits of this action. *Younger*, 401 U.S. at 53.

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED without prejudice**.[3]

2. The Clerk is directed to:

    a. Enter judgment accordingly;

    b. Terminate any pending motions; and

    c. **CLOSE** this case.

**ORDERED** in Orlando, Florida on August 26, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

---

[3] *See Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766–67 (11th Cir. 2013) (affirming application of *Younger* abstention and dismissal of the Section 1983 action where "(1) the state criminal proceedings against [the plaintiff] were pending; (2) criminal proceedings involve important state interests; and (3) [the plaintiff] could have raised his constitutional challenges in the state criminal proceedings.").